UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AISHA ROSENFELD,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　　　v.<br><br>PUIG USA, INC., et al.,<br><br>　　　　　　　　　　Defendants. | 24-CV-2658 (DEH)<br><br>ORDER |

DALE E. HO, United States District Judge:

　　On April 8, 2024, Plaintiff filed suit claiming, *inter alia*, that PUIG USA, Inc., "violated and continues to violate the FLSA [(Fair Labor Standards Act)]," and seeking, *inter alia*, "[a]n award of unpaid wages under the FLSA[.]" ECF No. 1; *see also* Civil Cover Sheet, ECF No. 1-1 (expressly bringing suit under the Fair Labor Standards Act). Plaintiff did not amend her pleadings.

　　On May 5, 2024, this case was referred to mediation, pursuant to the Court's pilot program for cases involving claims under the Fair Labor Standards Act. *See* ECF No. 19.

　　On July 16, 2024, the Court was notified by report of the mediator that agreement was reached on all issues. *See* ECF No. 27.

　　On August 19, 2024, Magistrate Judge Gary Stein ordered the appearing parties to inform the Court of "1) whether they have indeed settled this matter; and 2) whether Plaintiff intends to prosecute this case further against Defendant Massanas via default judgment proceedings." *See* ECF No. 28. That same day, the undersigned further ordered the parties to provide, by September 2, 2024, their settlement agreement for Court approval pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). *See* ECF No. 29.

On August 23, 2024, Plaintiff filed a letter claiming that "[t]his is not an FLSA case," as it was commenced under Title VII as well as the New York State and City Human Rights Law, and therefore the Court need not approve its settlement agreement. *See* ECF No. 30.

Plaintiff is ordered to file a letter on ECF by **September 3, 2024**, 1) explaining why *Cheeks* does not apply, notwithstanding that Plaintiff expressly raised an FLSA claim, *see* ECF No. 1; or 2) providing Second Circuit authority for the proposition that Plaintiff's FLSA claim need not be approved by the Court in these circumstances. Plaintiff is further directed to respond to Judge Stein's order requiring Plaintiff to 3) explain whether Plaintiff intends to prosecute this case further against Defendant Massanas via default judgment proceedings. The Court's order requiring submission by September 2, 2024, of the parties' settlement agreement is hereby **ADJOURNED** *sine die*, pending resolution of the above-mentioned issues.

SO ORDERED.

Dated: August 26, 2024
New York, New York

DALE E. HO
United States District Judge